RICHARD A. GAMMICK
Washoe County District Attorney
HERBERT B. KAPLAN
Deputy District Attorney
Nevada State Bar Number 7395
P. O. Box 30083
Reno, NV   89520-3083
(775) 337-5700
ATTORNEYS FOR WASHOE COUNTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

*** * ***

| | |
|---|---|
| VIKTORIYA SOKOL SUNDE individually J. MICHAEL SUNDE, individually, | Case No. 3:12-CV-00416-RCJ-WGC |
| Plaintiffs, | |
| vs. | **WASHOE COUNTY'S** <br> **MOTION TO DISMISS** |
| MICHAEL HALEY, Washoe County Sheriff, in both his individual and in his official capacities; Washoe County Sheriff Deputy Charles Lightner, in both his individual and in his official capacities; Washoe County Sheriff Deputy Shigeta, in both his individual and in his official capacities; THE COUNTY OF WASHOE, by and through WASHOE COUNTY SHERIFF'S DEPARTMENT; DEFENDANT DOES 1-100; LAW ENFORCEMENT DOES 1-100; RED WHITE GOVERNMENT/MUNICIPAL/COUNTY ENTITIES 1-10, and BLUE CORPORATIONS 1-10, | |
| Defendants. _____/ | |

COMES NOW, DEFENDANT, WASHOE COUNTY, by and through

counsel, Richard A. Gammick, Washoe County District Attorney,

-1-

1  and Herbert B. Kaplan, Deputy District Attorney, and moves this
2  Court for its Order dismissing this action for failure to state
3  a claim upon which relief could be granted.
4      This Motion is based upon the following Memorandum of
5  Points and Authorities and upon all the documents, papers and
6  pleadings on file with this Court in this matter.
7      Dated this 28th day of August, 2012.

                                RICHARD A. GAMMICK
                                District Attorney

                                By    /s/ HERBERT KAPLAN
                                   HERBERT B. KAPLAN
                                   Deputy District Attorney
                                   P. O. Box 30083
                                   Reno, NV  89520-3083
                                   (775) 337-5700

                                ATTORNEYS FOR WASHOE COUNTY

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   PROCEDURAL BACKGROUND**

Plaintiffs filed their Complaint in this matter on August 7, 2012.  The Complaint alleges the following claims:

1) 42 U.S.C. §1983-Violation of First Amendment Right to Free Speech;

2) Title VI of the Civil Rights Act of 1964-Discrimination Based on National Origin;

3) 42 U.S.C. §1983-Conspiracy;

4) 42 U.S.C. §1983-Punitive Damages;

5) 42 U.S.C. §1983-Violation of Fourth Amendment Right to Be Free of Unreasonable Seizure;

6) 42 U.S.C. §1983-Violation of Fourth Amendment Right to Be Free of Unlawful Arrest;

7) 42 U.S.C. §1983-Violation of Fourth Amendment Right to Be Free of Unreasonable Seizure;

8) 42 U.S.C. §1983-Violation of Fourth Amendment Right to Be Free of Unlawful Search;

9) 42 U.S.C. §1983-Violation of Fourth Amendment Right to Be Free of Application of Excessive Force;

10) 42 U.S.C. §1983-Failure to Train;

11) Title VI of the Civil Rights Act of 1964-Assault and Battery;

12) Title VI of the Civil Rights Act of 1964-Personal Injury;

//

1    13) Title VI of the Civil Rights Act of 1964-Discrimination
2 Based on Gender;
3    14) False Imprisonment-State Law;
4    15) Negligence-State Law;
5    16) Personal Injury-State Law;
6    17) Intentional infliction of Emotional Distress-State Law;
7    18) Negligent Infliction of Emotional Distress-State Law;
8    19) Assault and Battery-State Law.
9    It appears that the Second Claim for Relief is duplicated
10 by the Eleventh, Twelfth, and Thirteenth Claims for Relief,
11 which three claims appear to actually constitute a single claim.
12   It further appears that the only claim brought against
13 Washoe County is the failure to train claim. Accordingly, Washoe
14 County will address only that claim.

## II.   FACTUAL ALLEGATIONS

The allegations contained in Plaintiffs' Complaint, viewed in the light most favorable to them are as follows:

1. Plaintiffs, husband and wife, are residents of Washoe County, Nevada.
2. On August 18, 2010, Plaintiffs were parties in a hearing being conducted in Department 6 of the Second Judicial District Court, in and for Washoe County, State of Nevada.
3. Plaintiff, Viktoriya Sokol Sunde, is from Ukraine.
4. Plaintiff, Viktoriya Sokol Sunde, is female.
5. The Honorable Brent Adams presided over that hearing.

-4-

1    6.   Michael Haley is the Washoe County Sheriff.
2    7.   Deputy Charles Lightner is a deputy sheriff and was
3         acting in the capacity as bailiff for Judge Adams'
4         courtroom on August 18, 2010.
5    8.   Deputy Shigeta is a deputy sheriff and was acting in
6         the capacity as bailiff for Judge Adams' courtroom on
7         August 18, 2010.
8    9.   The August 18, 2010 hearing was the first time
9         Plaintiff, Viktoriya Sokol Sunde, had ever appeared in
10        a court proceeding.
11   10.  Plaintiff, Viktoriya Sokol Sunde, speaks with a very
12        strong Russian accent.
13   11.  While the court was in recess during the course of the
14        August 18, 2010 hearing, Plaintiff, Viktoriya Sokol
15        Sunde, spoke a few words and was immediately ordered
16        by Judge Adams removed from the courtroom.
17   12.  Deputy Lightner, pursuant to Judge Adams' order,
18        escorted Plaintiff, Viktoriya Sokol Sunde, out of the
19        courtroom.
20   13.  Immediately upon entering the vestibule outside of the
21        courtroom, Deputy Lightner began to assault and batter
22        Ms. Sunde, pushing her up against the wall, grabbing
23        her right arm and twisting it, and slamming his knee
24        into her back.
25   14.  Deputy Lightner only stopped inflicting pain on Ms.
26        Sunde when another deputy arrived.

-5-

15. Six to ten other deputies arrived on the scene, with one dog, surrounding Ms. Sunde.
16. Ms. Sunde asked the name of the deputy who had battered her and was told by one of the deputies to "stop talking or we put you in jail."
17. Ms. Sunde complained that the handcuffs that had been placed on her were too tight.
18. Despite making that complaint, deputies did nothing to relieve the situation until she had complained five or six times.
19. Ms. Sunde was placed in chains and transported to the Washoe County Jail.
20. On August 25, 2010, the Washoe County District Attorney's Office filed a Criminal Complaint charging Plaintiff, Viktoriya Sokol Sunde, with Disturbing the Peace, a misdemeanor, and Resisting a Public Officer, a misdemeanor.
21. On or about December 2, 2010, the Washoe County District Attorney's Office dismissed the criminal action.

**III. LEGAL ANALYSIS**

    **A.    STANDARD FOR DISMISSAL**

FRCP 12(b)(6) mandates dismissal of a case if it fails to state a claim upon which relief may be granted. To withstand such a motion, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face."

-6-

1  *Bell Atlantic Corp. v. Twombly*, ___ U.S. ____, 127 S.Ct. 1955,
2  1974 (2007). The burden is on the plaintiff to frame a
3  "complaint with enough factual matter (taken as true) to
4  suggest" that he or she is entitled to relief. *Id.*, ___ U.S. at
5  ___, 127 S.Ct. at 1965. "Factual allegations must be enough to
6  raise a right to relief above the speculative level." *Id.*
7     "To survive a motion to dismiss, a complaint must contain
8  sufficient factual matter, accepted as true, to state a claim to
9  relief that is plausible on its face." *Ashcroft v. Iqbal,* ---
10 U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)
11 (internal quotation marks omitted). "A claim has facial
12 plausibility when the plaintiff pleads factual content that
13 allows the court to draw the reasonable inference that the
14 defendant is liable for the misconduct alleged." *Id.* at 1949
15 (internal quotation marks omitted). Although the court must
16 "take all of the factual allegations in the complaint as true,
17 we are not bound to accept as true a legal conclusion couched as
18 a factual allegation." *Id.* at 1949-50. "[C]onclusory allegations
19 of law and unwarranted inferences are insufficient to defeat a
20 motion to dismiss for failure to state a claim." *Epstein v.
21 Wash. Energy Co.,* 83 F.3d 1136, 1140 (9th Cir.1996).
22    A "liberal interpretation of a civil rights complaint may
23 not supply essential elements of the claim that were not
24 initially pled," *Ivey v. Board of Regents*, 673 F.2d 266, 268
25 (9th Cir.1982)
26 //

1   The court's review is limited to the complaint, and all
2 allegations of material fact are taken as true and viewed in the
3 light most favorable to the non-moving party.  *In re Stac*
4 *Electronics Securities Litigation*, 89 F.3d 1399, 1403 (9th Cir.
5 1996).

6   **B.   Standard for Potential Liability of Municipality**

7   While counties are not entitled to sovereign immunity and
8 can be held liable under § 1983, counties cannot be held liable
9 under § 1983 on a *respondeat superior* theory.  *Board of County*
10 *Commissioners v. Brown,* 520 U.S. 397 (1997).  Accordingly, a
11 municipality, such as Washoe County, may be held liable under §
12 1983 only if an unconstitutional act was committed by a
13 government actor pursuant to a custom or policy, or if the act
14 was committed by a final policymaker for the governmental
15 entity.  *Gable v. City of Chicago,* 296 F.3d 531, 537 (7th Cir.
16 2002).  To impose Section 1983 liability on a municipality, a
17 plaintiff must demonstrate: (1) that the plaintiff possessed a
18 constitutional right of which he was deprived; (2) that the
19 municipality had a policy; (3) that this policy "amounts to
20 deliberate indifference" to the plaintiff's constitutional
21 right; and (4) that the policy is the "moving force behind the
22 constitutional violation." *Plumeau v. School Dist. No. 40 County*
23 *of Yamhill*, 130 F.3d 432, 438 (9th Cir.1997) (quoting *Oviatt By*
24 *and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th
25 Cir.1992)); *see also Monell v. Dep't of Social Servs.*, 436 U.S.
26 at 691 ("a municipality cannot be held liable under §1983 on a

-8-

respondeat superior theory"). A municipality may only be liable where its policies are the "moving force [behind] the constitutional violation." *City of Canton v. Harris,* 489 U.S. 378, 389, 109 S.Ct. 1197, 1205 (1989) (quoting *Monell* at 694, 98 S.Ct. at 2038).

The requirement that municipal liability must be based on a policy "ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Monell v. Dept. of Soc. Serv. of City of N.Y., 436 U.S. at 694.* The Ninth Circuit has held that the definition of a "policy" under *Monell* and its progeny may be a "deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Fogel v. Collins*, 531 F.3d 824 (9th Cir. 2008).

**C. Failure To Train Claim**

Here, Plaintiffs' Complaint alleges a failure to train claim. That appears to be the only claim made against Washoe County.

The allegations contained in the Complaint allege that "Defendant Haley [failed] to provide adequate training and supervision regarding unlawful arrests, as well as unlawful use of force, and unlawfully detaining someone exceeding the

//

-9-

statutory limits of NRS 171.123" constituted deliberate indifference.

"Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality ... can a city be liable for such a failure under § 1983." *City of Canton v. Harris,* 489 U.S. 378, 389 (1989). Deliberate indifference by the municipality may be established where "a violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." *Long,* 442 F.3d at 1186(quoting *Board of County Comm'rs of Bryan Cty. v. Brown,* 520 U.S. 397 (1997)). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known and obvious consequence of his action." *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410. A less stringent standard of fault for a failure to train claim "would result in a de facto respondeat superior liability on municipalities . . ." *Canton v. Harris*, 489 U.S. 378, 392 (1989); see also Pembaur v. Cincinnati, 475 U.S. 469, 483 (opinion of Brennan, J.)("[M]unicipal liability under §1983 attaches where-and only where-a deliberate choice to follow a course of action is made from among various alternatives by [the relevant] officials. . . ").

As the Ninth Circuit Court of Appeals has set forth:

> For a policy to be the moving force behind the deprivation of a constitutional right, the identified deficiency in the policy must be "closely related to the ultimate injury." *Gibson,* 290 F.3d at 1196

-10-

>
> (citation omitted). The plaintiff's burden is to establish " 'that the injury would have been avoided' " had proper policies been implemented. *Id.* (quoting *Oviatt,* 954 F.2d at 1478). Thus, in order to demonstrate that the County's policy deficiencies were the moving force behind the deprivation of . . . constitutional rights, Appellant must prove that the injury . . . would have been avoided had the County adequately trained . . . staff and/or instituted adequate general policies . . . .

*Long v. County of Los Angeles*, 442 F.3d 1178, 1190 (9th Cir. 2006).

It is well-established that a "municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, – S.Ct. –, 2011 WL 1119022 (2011)(citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822-823 (1985)(plurality opinion)("[A] 'policy' of 'inadequate training' is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in *Monell*.").

Contrary to the bald, unsupported allegations of Plaintiffs, Washoe County did provide training to its workers with regard to constitutional requirements. The Plaintiffs claim to the contrary is unsupported by anything whatsoever and unsupportable in any event.

The Plaintiffs assert that the "acts of Defendants represented the official policy and custom" of Washoe County. Complaint at p. 23. That is nothing more than a bald, unsupportable legal conclusion, not entitled to any consideration whatsoever. At best, the acts of the Defendants,

-11-

again at this point viewed in the light most favorable to Plaintiffs, represent nothing more than an isolated incident.

Plaintiffs' failure to train claim is baseless and frivolous. It must be dismissed.

### D.   No Other Municipal Claim

While the Plaintiffs have sued all defendants herein in their official capacities, they have asserted no policy, practice or custom on the part of Washoe County that would support such a claim, aside from the failure to train claim. Any potential additional official capacity claims must also be dismissed as a result.

### E.   PUNITIVE DAMAGES AS TO WASHOE COUNTY

Plaintiffs have requested punitive damages without specifying against which defendants those damages are sought. Moreover, they have asserted the same as a separate, independent cause of action, specifically, the Fourth Cause of Action. The potential award of punitive damages is not the basis for an independent cause of action. That "cause of action" must be dismissed altogether as a result.

With regard to Washoe County, in the event Washoe County's request to have this matter dismissed is not granted, it is clearly established that an award of punitive damages against Washoe County is precluded. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748 (1981)(municipality immune

//

//

from punitive damages); *Mitchell v. Dupnik*, 75 F.3d 517 (9th Cir. 1996) (no punitive damages against sheriff in his official capacity).

As a result, insofar as Plaintiffs seek punitive damages against Washoe County, that relief must be precluded as to Washoe County and that claim as to Washoe County dismissed.

**IV.  CONCLUSION**

For the reasons set forth herein, Plaintiffs' Complaint must be dismissed as to Washoe County, as the complaint fails to state a claim upon which relief can be granted.  In addition, Washoe County requests this Court grant such other relief as the Court deems appropriate under the circumstances.

Dated this 28th day of August, 2012.

```
                              RICHARD A. GAMMICK
                              District Attorney

                              By    /s/ HERBERT KAPLAN
                                 HERBERT B. KAPLAN
                                 Deputy District Attorney
                                 P. O. Box 30083
                                 Reno, NV   89520-3083
                                 (775) 337-5700

                              ATTORNEYS FOR WASHOE COUNTY
```

-13-

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action. I certify that on this date, I deposited for mailing in the U. S. Mails, with postage fully prepaid, a true and correct copy of the foregoing in an envelope addressed to the following:

Viktoriya Sokol Sunde
J. Michael Sunde
561 Keystone Avenue, Suite 684
Reno, NV 89503

Dated this 28th day of August, 2012.

/s/ TINA GALLI
TINA GALLI