# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| VIKTORIYA SOKOL SUNDE et al., | ) | |
| Plaintiffs, | ) | |
| | ) | 3:12-cv-00416-RCJ-WGC |
| vs. | ) | |
| | ) | |
| MICHAEL HALEY et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case arises out of an altercation in a state court courtroom. The county and individual Defendants have separately moved to dismiss. For the reasons given herein, the Court grants the County's Motion to Dismiss (ECF No. 10) and grants the Individual Defendants' Motion to Dismiss (ECF No. 22) in part. All claims are dismissed as against all Defendants, except the excessive force and unlawful arrest claims.

## I.     FACTS AND PROCEDURAL HISTORY

On August 18, 2010, Plaintiffs Victoriya Sokol Sunde and J. Michael Sunde, husband and wife, were parties to a hearing in Department 6 of the Second Judicial District Court, in Washoe County, Nevada. (Compl. ¶ 24, Aug. 7, 2012, ECF No. 2). Judge Adams presided over the hearing while Defendant Deputies Charles Lightner and Shigeta were acting as bailiffs. (*Id.* ¶¶ 24–25). Viktoriya is a Ukrainian citizen and permanent resident alien, and Michael is a United States citizen. (*Id.* ¶¶ 6–7). While the court was in recess, Viktoriya spoke "a few

words," and Judge Adams ordered her removed from the courtroom. (*Id.* ¶ 25).[1] Plaintiffs allege that Judge Adams discriminated against Viktoriya because of her gender and nationality, noting that opposing counsel often spoke out of turn and even interrupted Judge Adams without being reprimanded. (*See id.*). Plaintiffs allege that Lightner had a personal grudge against Plaintiffs based upon various familial and nepotistic relationships between Second Judicial District judges and law clerks, opposing counsel, and Lightner. (*See id.* ¶ 64).

Deputy Lightner escorted Viktoriya out of the courtroom. (*Id.* ¶ 26). Plaintiffs allege that upon escorting her from the courtroom, "Lightner first grabbed [her] right arm and twisted it sideways for the sole purpose of causing her great pain." (*Id.*). Viktoriya screamed in pain and said "stop, you make me pain," but instead Lightner "slammed [her] extremely hard . . . into the wall, hitting her head, eye socket, knees, and other parts of her body, causing injury to those parts of her body." (*Id.*). Lightner slammed his knee into her back and the back of her knees, attempting to force her to the ground. (*Id.*). Lightner "then began to twist [her] arm even harder, twisted her arm behind her back[, and] began hitting her wri[s]ts with handcuffs very hard, several times just to cause pain." (*Id.* ¶ 28). Only after another officer, "probably Defendant Deputy Shigeta" arrived did Lightner stop purposefully causing pain. (*Id.* ¶ 30). Six to ten other deputies soon arrived with at least one dog and surrounded her. (*Id.*). Viktoriya told the other deputies her wrists were in great pain, but they all refused to loosen her handcuffs or provide any assistance. (*Id.*). When she asked for the identification of the deputy that hurt her, "the deputies only told her to stop talking or we [will] put you in jail." (*Id.* ¶ 31).

Viktoriya was then taken downstairs, and when she asked for the name of the deputy and

---

[1] Plaintiffs do not allege the content or language of those words. Defendants claim that Viktoria was disruptive, uncooperative, and used profanity in the courtroom, but the Court is only concerned with the allegations in the Complaint for the purposes of the present motions.

she was told, "You have right keep silent." (*Id.* ¶ 33).  When she responded that she knew her rights, the deputy told her to keep quiet or she would go to jail. (*Id.*).  After having chains wrapped around her neck, waist, and legs, she was transported to the jail on Parr Boulevard. (*Id.* ¶ 35).  Viktoriya suffered pain, bruising, and swelling for several weeks. (*Id.* ¶ 39).

At a later hearing in the same courthouse, while sitting at a table in a courtroom, an unidentified deputy approached Viktoriya at her table and directed a police dog to sniff up her dress simply to intimidate her while Lightner stood by and smiled. (*Id.* ¶¶ 40–41).

Plaintiffs sued Lightner, Shigeta, Washoe County Sheriff Michael Haley, and Washoe County in this Court on nineteen nominal causes of action, some of which are not causes of action and some of which overlap with or are duplicative of one another, and which the Court characterizes as follows: (1) First Amendment Free Speech violations pursuant to 42 U.S.C. § 1983; (2), (11)–(13) violations of Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d, 1983 (national origin and gender discrimination); (3) Civil Rights Conspiracy pursuant to § 1983; (4) Punitive Damages pursuant to § 1983; (5), (7), (9) Fourth Amendment Unreasonable Seizure pursuant to § 1983; (6) Fourth Amendment Unreasonable Seizure and Arrest Without Probable Cause pursuant to § 1983; (8) Fourth Amendment Unreasonable Search pursuant to § 1983; (10)  Failure to Train pursuant to § 1983; (14) False Imprisonment; (15)–(16) Negligence; (17) Intentional Infliction of Emotional Distress ("IIED"); (18) Negligent Infliction of Emotional Distress ("NIED"); and (19) Assault and Battery.  In substance, there are twelve claims for relief: (1) Free Speech violations; (2) Title VI violations; (3) Civil Rights Conspiracy; (4) Unreasonable Seizure - Excessive Force; (5) Unreasonable Seizure - Arrest Without Probable Cause; (6) Unreasonable Search; (7) Failure to Train; (8) False Imprisonment; (9) IIED; (10) NIED; (11) Assault; and (12) Battery.  Defendants have moved to dismiss for failure to state a claim.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which

are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III. ANALYSIS

First, the Court notes that Viktoriya Sunde has sufficiently alleged excessive force against Lightner (but not against others). Although the facts will of course be disputed, Plaintiffs allege that Lightner used more force than necessary for the sole purpose of causing Viktoriya pain. An allegation of an improper mental state is to be considered a claim of fact to be taken as true for the purposes of a motion to dismiss, not as a conclusion of law that a court should not credit, unless a defendant renders the allegation implausible. *See Moss v. U.S. Secret Serv.*, 2013 WL 674059, at *1–2 (9th Cir. Feb. 26, 2013). In this case, the allegation of unlawful intent is plausible.

Second, the Court dismisses the First Amendment claim but permits the unlawful arrest claim to proceed. Plaintiffs do not plausibly allege that Viktoriya was arrested only because she asked for the name of the officer who had seized her. The Complaint indicates an altercation in the courtroom that may or may not have given rise to probable cause to arrest Viktoriya for disturbing the peace, disorderly conduct, or disrupting a judicial proceeding. Plaintiffs allege Viktoriya was charged under Nevada Revised Statutes ("NRS") sections 203.119 (disturbing activities in a public building) and 197.190 (obstructing a police officer). (*See* Compl. ¶ 42). But

the charges were later dismissed for insufficient evidence. (*Id.* ¶ 46).  Although it is a question of fact whether there was probable cause to arrest Viktoriya for some offense, the claim that she was arrested solely for asking for Lightner's identity is not plausible.²

Third, the Court dismisses the Title VI claims.  Plaintiffs do not allege the denial of benefits under federal programs.  Fourth Amendment violations do not implicate Title VI and cannot be characterized thereunder as the denial of the "benefit" of not having one's Fourth Amendment rights violated, i.e., the withholding of a negative right. *See, e.g.*, *Alexander v. Underhill*, 416 F. Supp. 2d 999, 1008 (D. Nev. 2006) (Hicks, J.) ("Title VI was not intended to remedy instances of unreasonable seizures in violation of the Fourth Amendment.").  Also, Title VI does not apply to claims of gender discrimination.

Fourth, the Court dismisses the Civil Rights Conspiracy claim, as the allegations of conspiracy are conclusory.

Fifth, the Court dismisses the unreasonable search claim.  Plaintiffs allege that the pat-down after Viktoriya's seizure was unreasonable, (*see id.* ¶ 97), but a search for weapons or dangerous items after a seizure is reasonable as a matter of law, and Plaintiffs do not allege some extreme manner of search such as a cavity search.  Although she had not yet been charged, Viktoriya had been forcibly detained, making a search for weapons (or items that may be dangerous to an officer) reasonable under the circumstances even as the facts are pled, and even if the arrest had been without probable cause or with excessive force.

Sixth, the Court dismisses the failure-to-train claim against Washoe County.  Plaintiffs allege no history of Fourth Amendment violations by the County or Sheriff Haley except in

---

²The Court also notes that state statutes concerning arrest procedures are inapposite to Fourth Amendment claims. *Virginia v. Moore*, 553 U.S. 164, 166–76 (2008).  Learned counsel should be aware of this recent case clearly holding that the Fourth Amendment does not incorporate putative floors of reasonableness from state law.

Page 6 of  7

conclusory fashion.

Seventh, the Court will in its discretion refuse jurisdiction over the state law claims for False Imprisonment, IIED, NIED, Assault, and Battery due to complex issues of discretionary immunity under state law. *See* 28 U.S.C. § 1367(c)(1).

Finally, the Court will not at this time grant qualified immunity for those claims it has refused to dismiss. Plaintiffs allege that Lightner used excessive force for the sole purpose of causing pain and that Viktoriya was arrested without probable cause. Reasonable officers are on clear notice that these acts, if true, would violate the Fourth Amendment. The Court will revisit the issue on summary judgment when the facts are clearer.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 10) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 22) is GRANTED IN PART and DENIED IN PART. The federal claims are dismissed except for Viktoriya Sokol Sunde's claim against Lightner for excessive force, as well as her claim against Lightner and Shigeta for unlawful arrest. Viktoriya Sokol Sunde, Lightner, and Shigeta are the only remaining parties. The Court declines supplemental jurisdiction over the state law claims.

IT IS FURTHER ORDERED that the Motions to Extend Time (ECF Nos. 25, 26) are GRANTED.

IT IS SO ORDERED.

Dated this 4th day of March, 2013.

                                                          ROBERT C. JONES
                                                    United States District Judge