```
RICHARD A. GAMMICK
Washoe County District Attorney
HERBERT B. KAPLAN
Deputy District Attorney
Nevada State Bar Number 7395
P. O. Box 11130
Reno, NV  89520
(775) 337-5700
ATTORNEYS FOR WASHOE COUNTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VIKTORIYA SOKOL SUNDE individually J. MICHAEL SUNDE, individually, | |
| Plaintiffs, | Case No. 3:12-CV-00416-RCJ-WGC |
| vs. | |
| MICHAEL HALEY, Washoe County Sheriff, in both his individual and in his official capacities; Washoe County Sheriff Deputy Charles Lightner, in both his individual and in his official capacities; Washoe County Sheriff Deputy Shigeta, in both his individual and in his official capacities; THE COUNTY OF WASHOE, by and through WASHOE COUNTY SHERIFF'S DEPARTMENT; DEFENDANT DOES 1-100; LAW ENFORCEMENT DOES 1-100; RED WHITE GOVERNMENT/MUNICIPAL/COUNTY ENTITIES 1-10, and BLUE CORPORATIONS 1-10, | **MOTION FOR SANCTIONS FOR FAILURE TO ANSWER INTERROGATORIES** |
| Defendants. _____/ | |

COMES NOW, DEFENDANT by and through counsel, Richard A. Gammick, Washoe County District Attorney, and Herbert B. Kaplan, Deputy District Attorney, and moves this Court for its Order sanctioning the Plaintiff for her failure to provide any responses whatsoever to the Interrogatories served upon her by Washoe County.

1 This Motion is based upon the following Memorandum of Points and Authorities and
2 upon all the documents, papers and pleadings on file with this Court in this matter.

3 Dated this 16th day of May, 2013.

            RICHARD A. GAMMICK
            District Attorney

            By   /s/ HERBERT KAPLAN
                HERBERT B. KAPLAN
                Deputy District Attorney
                P. O. Box 11130
                Reno, NV   89520
                (775) 337-5700

            ATTORNEYS FOR DEFENDANTS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     PROCEDURAL BACKGROUND**

Plaintiffs filed their Complaint in this matter on August 7, 2012. Pursuant to this Court's March 7, 2013 Order (Doc #32), the only remaining claims in this case are Plaintiff's claim against Deputy Lightner for excessive force, as well as her claim against Deputies Lightner and Shigeta for unlawful arrest.

Plaintiffs served Interrogatories on Washoe County defendants. Those were appropriately answered.

On the other hand, Washoe County served interrogatories on Plaintiff and she has steadfastly refused to respond to the same.  The undersigned has provided several extensions in which Plaintiff could respond to the interrogatories.  To date, no such responses have been received.

**II.    LEGAL AUTHORITY**

FRCP 37 allows a party to move the Court for an order for sanctions for failure of a party to answer interrogatories.  More specifically, FRCP 37(d)(1)(A) authorizes a motion for sanctions in the event a party fails to answer interrogatories submitted pursuant to FRCP 33.

Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

The sanctions available to the district court are discretionary and the imposition of such sanctions "as are just" will not be reversed unless there has been an abuse of discretion. *See United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980); *David v. Hooker, Ltd.*, 560 F.2d 412, 418-19 (9th Cir. 1977); 6 J. Moore, Federal Practice s 37.08 (2d ed. 1976).

**III.   ANALYSIS AND DISCUSSION**

   **A.     Factual and Procedural Background**

Here, Washoe County served interrogatories on Plaintiff on February 12, 2013. See copy of Interrogatories attached hereto as **Exhibit "A."**

The answers were due in mid-March, 2013.

Plaintiff, shortly before the answers were due, requested an extension of time to provide her answers, which request was agreed upon by the undersigned. See copy of facsimile dated March 12, 2013 attached hereto as **Exhibit "B."**

Then, on March 22, 2013, despite having already provided one extension of time in which to provide her answers, Plaintiff requested another extension, this one to be indefinite to allow for the Court to adjudicate the motions that were then pending. See copy of letter dated March 22, 2013 attached hereto as **Exhibit "C."** In response, the undersigned agreed to an extension up to and including April 5, 2013, which provided Plaintiff nearly two months in which to respond to the interrogatories. See copy of letter dated March 26, 2013 attached hereto as **Exhibit "D."** In that letter, in an attempt to resolve this discovery issue once and for all, the undersigned advised

> I have been patient and accommodating with regard to discovery. However, my feeling is that we should proceed in this matter. The interrogatories served on you in mid-February need to be answered. I will expect the same to be provided no later than April 5, 2013. This gives you an additional ten (10) days in which to complete the responses. I think that is more than reasonable under the circumstances. In the event I do not receive the responses by then, I will take all actions available in connection with your failure to respond.

Id.

Extensions were graciously agreed to by the undersigned through and including April 5, 2013, which provided Plaintiff nearly twice the normal time to respond to the same. The undersigned has waited additional time in hopes that Plaintiff would provide responses. Having warned Plaintiff that her continued failure to provide responses to the interrogatories would result in defendants taking any and all actions available, she still has failed to provide answers to the interrogatories to date. In fact, not only has she not provided answers to the interrogatories, but she has now requested that the parties agree to a new scheduling order to allow for the delays in this court adjudicating the pending motions to reconsider, as well as the Ninth Circuit Court of Appeals adjudicating the Plaintiff's appeal. See copy of letter dated April 24, 2013

attached hereto as **Exhibit "E."**

The Plaintiff appears determined to pursue this action based on her own rules rather than those set out for her and everyone else.

At this juncture, based upon the repeated refusal of Plaintiff to respond to properly served interrogatories, defendants believe that sanctions are appropriate.

**B.     The Appropriate Sanction**

The available sanctions are those that are "just" under the circumstances, potentially including those set forth in FRCP 37(b)(2)(A)(I-iv).

Here, the just sanction, considering the callous disregard of the Rules exhibited by Plaintiff, is to dismiss this action altogether.

A district court has the discretion to impose the extreme sanction of dismissal if there has been "flagrant, bad faith disregard of discovery duties." *Wanderer v. Johnston*, 910 F.2d 652, 655-56 (9th Cir.1990)).

Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* at 656.

As the Court in *Wanderer* acknowledged, the first factor almost always supports dismissal, as it is always in the public's interest to expeditiously resolve litigation. That is the case here.

The second factor also almost always weighs in favor of dismissal for similar reasons.

The fourth factor almost always weighs against dismissal for policy reasons. However, based on Plaintiff's refusal to participate in this litigation pursuant to the established rules, any trial conducted in this case likely would be unfair. *Hyde & Drath v. Baker*, 24 F.3d 1162 (9th Cir. 1994). Accordingly, little weight should be given to this factor in this case.

1 "Thus the key factors are prejudice and availability of lesser sanctions." *Id.*

2 Under the third *Wanderer* factor, Plaintiff's behavior prejudices defendants if it impaired defendants' "ability to go to trial or threatened to interfere with the rightful decision of the case." *United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 604 (9th Cir.1988). Here, the defendants are prejudiced in that they have taken efforts to uncover the baseless allegations made in the complaint in an effort to support a motion for summary judgment and at trial should their motion for summary judgment be denied. Specifically, the Plaintiff has made allegations that Deputy Lightner has some personal interest in inflicting pain on her. Plaintiff makes that allegations without any actual support, and despite that very issue having been adjudicated by the Honorable Janet Berry in the civil action in which Plaintiff was appearing prior to the incident the subject of this litigation. Plaintiff's refusal to participate in discovery obviates the defendants' and this Court's ability to resolve this litigation without the need to go to an unnecessary trial. It impairs defendants ability to proceed to trial.

Lastly, the availability of lesser sanctions also weighs in favor of dismissal. The other potential sanctions available pursuant to FRCP 37 include the following:

> "(I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed; . . ."

FRCP 37(b)(2)(A)(i-iv).

While this Court has not warned the Plaintiff that her failure to provide responses to the interrogatories would result in any particular action, the defendants did warn Plaintiff that they would pursue any and all remedies available to them upon such failure. Having provided an entire additional month after the deadline, and over 3 months overall in which to provide answers to the interrogatories, the Plaintiff has been adequately warned.

-6-

Again, the only remaining claims in this case are the claim against Deputy Lightner for excessive force, as well as her claim against Deputies Lightner and Shigeta for unlawful arrest.

It would be just and appropriate for the Court to direct that facts be taken as established for purposes of the action to include that (1) Deputy Lightner did not use more force than necessary for the sole purpose of causing Plaintiff pain, and (2) there was probable cause to support the arrest.

Specific lesser sanctions, such as formal reprimand, suspension, or imposition of fees are likely inadequate here.

The appropriate remedy is not to stay further proceedings until the Plaintiff provides her responses. FRCP 37(b)(2)(A)(iv). In fact, that is essentially what the Plaintiff appears to desire, as she has requested that a new scheduling order be submitted to the Court to allow for what amounts to a stay of this action. That remedy would send the wrong message–that the parties control when and to what extent to participate in discovery without any ramifications.

Further, Plaintiff has shown that she is either unwilling or unable to comply with the directives of our courts. That failure is what precipitated the events that led to the instant lawsuit, as Plaintiff was warned by the Honorable Brent Adams several times to conform her conduct in the courtroom, but she failed to do that. In fact, after she was removed from the courtroom on August 18, 2010, and arrested, she appeared before Judge Adams again on September 28, 2010 and was again removed from the courtroom based on her inability or unwillingness to heed the warnings of Judge Adams. See copy of Minutes of Court dated September 28, 2010, attached hereto as **Exhibit "F."** It appears that the Court's orders mean nothing to Plaintiff. A formal reprimand by this Court is likely to be ignored just as Judge Adams' warnings were and just as the warnings of the undersigned were.

Finally, allowing Plaintiff to provide the answers to interrogatories along with imposition of an award of attorney's fees and costs sends the same inappropriate message that it is the Plaintiff, and not the rules of this Court, that controls litigation.

     Defendants believe that the only just sanction here is to dismiss this case. Of course if the Court feels that some other lesser sanction would be effective, defendants would welcome whatever sanction is most appropriate.

**IV.  CERTIFICATION**

     Pursuant to LR 26-7, the undersigned hereby certifies that he has in good faith conferred or attempted to confer with the Plaintiff in an effort to obtain the answers or responses without court action. Extensions that were requested by Plaintiff were generously granted by the undersigned. Finally, after two such requests, the undersigned provided an ultimate deadline of April 5, 2013, warning that the failure to provide responses would result in the undersigned, on behalf of the named defendants herein, taking any and all actions allowed by law.

**V.  CONCLUSION**

     For the reasons set forth herein, Plaintiff's Complaint must be dismissed as to Washoe County as a sanction for Plaintiff's continued failure to answer interrogatories. In addition, Washoe County requests this Court grant such other relief as the Court deems appropriate under the circumstances.

     Dated this 16th day of May, 2013.

                                    RICHARD A. GAMMICK
                                    District Attorney

                                    By   /s/ HERBERT KAPLAN
                                         HERBERT B. KAPLAN
                                         Deputy District Attorney
                                         P. O. Box 30083
                                         Reno, NV   89520-3083
                                         (775) 337-5700

                                    ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action. I certify that on this date, I deposited for mailing in the U. S. Mails, with postage fully prepaid, a true and correct copy of the foregoing in an envelope addressed to the following:

Viktoriya Sokol Sunde
4790 Caughlin Pkwy, #119
Reno, NV 89519-0907

Dated this 16th day of May, 2013.

/s/ TINA GALLI
TINA GALLI

| | | |
|---|---|---|
| 1 | | EXHIBIT INDEX |
| 2 | EXHIBIT A | Interrogatories |
| 3 | EXHIBIT B | Facsimile dated March 12, 2013 |
| 4 | EXHIBIT C | Letter dated March 22, 2013 |
| 5 | EXHIBIT D | Letter dated March 26, 2013 |
| 6 | EXHIBIT E | Letter dated April 24, 2013 |
| 7 | EXHIBIT F | Minutes of Court dated September 28, 2010 |

26    EXHIBIT INDEX