UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

VIKTORIYA SOKOL SUNDE,

      Plaintiff,

vs.

MICHAEL HALEY et al.,

      Defendants.

3:12-cv-00416-RCJ-WGC

**ORDER**

This case arises out of an altercation in a state court courtroom. Nine motions, all but one of which were filed by pro se Plaintiff Viktoriya Sokol Sunde, are currently pending before the Court: (1) Plaintiff's Motion for Rule 54(b) Certification (ECF No. 45); (2) Defendants' Motion to Strike the Amended Complaint (ECF No. 70); (3) Plaintiff's Motion for Summary Judgment (ECF No. 71); (4) Plaintiff's Motion for Default Judgment (ECF No. 72); (5) Plaintiff's Motion to Extend Time (ECF No. 73); (6) Plaintiff's Motion to Quash the Motion to Strike the Amended Complaint (ECF No. 74); (7) Plaintiff's Motion to Strike the Response to the Motion to Quash (ECF No. 82); (8) Plaintiff's Motion to File an Amended Complaint (ECF No. 83); and (9) Plaintiff's Motion to Strike the Affidavit of Charles Lightner (ECF No. 84). For the reasons stated herein, the Court grants Defendants' Motion to Strike and denies each the remaining motions.

I.    **FACTS AND PROCEDURAL HISTORY**

On August 18, 2010, Plaintiff Victoriya Sokol Sunde and former Plaintiff J. Michael Sunde, husband and wife, were parties to a hearing in Department 6 of the Second Judicial District Court, in Washoe County, Nevada. (Compl. ¶ 24, Aug. 7, 2012, ECF No. 2). Judge

Adams presided over the hearing while Defendant Deputies Charles Lightner and Shigeta were acting as bailiffs. (*Id*. ¶¶ 24–25). Viktoriya is a Ukrainian citizen and permanent resident alien, and Michael is a United States citizen. (*Id*. ¶¶ 6–7). While the court was allegedly in recess, Viktoriya spoke "a few words," and Judge Adams ordered her removed from the courtroom. (*Id*. ¶ 25).[1] Viktoriya alleges that Judge Adams discriminated against her because of her gender and nationality, noting that opposing counsel often spoke out of turn and even interrupted Judge Adams without reprimand. (*See id*.). She further alleges that Lightner held a personal grudge against her because of various familial and nepotistic relationships between Second Judicial District judges and law clerks, opposing counsel, and Lightner. (*See id*. ¶ 64).

According to Viktoriya, when Lightner escorted her from the courtroom, he "grabbed [her] right arm and twisted it sideways for the sole purpose of causing her great pain." (*Id*. ¶ 26). She allegedly screamed in pain, yelling "stop, you make me pain," at which point Lightner "slammed [her] extremely hard . . . into [a] wall, hitting her head, eye socket, knees, and other parts of her body, causing injury to those parts of her body." (*Id*.). Lightner also thrust his knee into her back and the back of her knees, attempting to force her to the ground. (*Id*.). Lightner "then began to twist [her] arm even harder, [twisting it] behind her back[, and] began hitting her wri[s]ts with handcuffs very hard, several times just to cause pain." (*Id*. ¶ 28). It was only after another officer, "probably Defendant Deputy Shigeta," arrived that Lightner stopped purposefully causing pain. (*Id*. ¶ 30). Six to ten other deputies, and at least one dog, soon surrounded her. She told them that her wrists were in great pain, but they refused to loosen her handcuffs or provide any assistance. (*Id*.). When she asked them to provide the name of the

---

[1] Plaintiffs do not allege the content or language of those words, (*See* Compl. ¶ 25, ECF No. 2), but Defendants claim that Viktoriya was disruptive, uncooperative, and used profanity in the courtroom, (Opp'n to Mot. Summ. J. ¶¶ 1–29, ECF No. 78, at 6–9).

deputy who hurt her, "the deputies only told her to stop talking or [they] [would] put [her] in jail." (*Id.* ¶ 31).[2]

Viktoriya was then taken downstairs, and when she again asked for the name of the deputy, she was told, "[y]ou have right keep silent." (*Id.* ¶ 33). When she responded that she knew her rights, a deputy told her to keep quiet or she would go to jail. (*Id.*). Deputies then wrapped chains around her neck, waist, and legs, and transported her to jail. (*Id.* ¶ 35). Viktoriya alleges that she suffered pain, bruising, and swelling for several weeks as a result of the incident. (*Id.* ¶ 39). She also alleges that while sitting through a later hearing, in the same courtroom, and as Lightner stood by and smiled, an unidentified deputy approached her table and directed a police dog to sniff up her dress, for the sole purpose of intimidating her. (*Id.* ¶¶ 40–41).

On August 7, 2012, Viktoriya and her husband, former Plaintiff J. Michael Sunde, sued Lightner, Shigeta, Washoe County Sheriff Michael Haley, and Washoe County, asserting nineteen nominal causes of action. Defendants filed motions to dismiss, which the Court granted in part and denied in part in its March 4, 2013 Order. (ECF No. 32, at 7). Specifically, the Court granted the motions to dismiss with respect to all of Plaintiff's claims except for her excessive force claim and her unlawful arrest claim, which are the only surviving claims. (*Id.*). The Court dismissed all claims brought by Mr. Sunde, and it specifically ruled that Viktoriya Sunde is the sole remaining plaintiff in this case. (*Id.*). Plaintiff filed a motion to reconsider on March 28, 2013, (ECF No. 34), which the Court denied on April 26, 2013, (ECF No. 44).

In an attempt to seek immediate appellate review, Plaintiff has moved the Court, under Rule 54(b), to certify as final its Order on the motions to dismiss. (ECF No. 45). She has also filed a proposed Amended Complaint, without the authorization of this Court or any rule, which

---

[2] Defendants, of course, deny most of these allegations, (Answer ¶¶ 22–77, ECF No. 56, at 4–9), and provide evidentiary support for a significantly different description of incident, (Opp'n to Mot. Summ. J. ¶¶ 1–29, ECF No. 78, at 6–9 ).

reasserts several of the previously dismissed claims and purports to reinstate Mr. Sunde as a plaintiff. (ECF No. 68). Defendants have moved to strike the proposed Amended Complaint, (ECF No. 70), and Plaintiff has responded with a barrage of motions, including motions for summary judgment (ECF No. 71), default judgment (ECF No. 72), and leave to amend (ECF No. 83), and various other motions to strike or quash, (*See* Mot. to Extend Time to File Mot. to Quash, ECF No. 73;  Mot. to Quash, ECF No. 74; Mot. to Strike, ECF No. 82; Mot. to Strike ECF No. 84). The Court now considers each of these motions.

## II. DISCUSSION

As a threshold matter, the Court reiterates, because Plaintiff has failed to recognize, that Mr. J. Michael Sunde is no longer a party to this action. He was dismissed as a party by the Court's March 4, 2013 Order, which dismissed all claims asserted by Mr. Sunde. (ECF No. 32). The Court has already denied Plaintiff's motion to reconsider that Order. (Order, ECF No. 44). Accordingly, any portion of any later filing that treats Mr. Sunde as a plaintiff is stricken.

### A.  Plaintiff's Motion for Rule 54(b) Certification (ECF No. 45)

The Court denies Plaintiff's motion to certify an interlocutory appeal. Rule 54(b) permits a Court, at its discretion, to enter judgment after making a ruling partially disposing of a case or to wait to enter judgment until it has ruled on the remaining causes of action:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The Ninth Circuit has explained the process:

> Some of our cases use the phrase "Rule 54(b) certification." This is a misnomer born of confusion between Rule 54(b) and 28 U.S.C. § 1292(b), only the latter of which requires a certification. The two procedures apply to different situations. Rule 54(b) applies where the district court has entered a final judgment as to particular claims or parties, yet that judgment is not immediately appealable because other issues in the case remain unresolved. Pursuant to Rule 54(b), the district court may sever this partial judgment for immediate appeal whenever it determines that there is no just reason for delay. A court of appeals may, of course, review such judgments for compliance with the requirements of finality, but accords a great deference to the district court.

*James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n. 6 (9th Cir. 2002) (citations omitted). A court uses a two-step process under Rule 54(b): (1) it determines if the challenged order is a "final judgment"; and (2) it determines whether there is any just reason for delay. *See Curtiss–Wright Corp. v. Gen. Elec. Corp.*, 446 U.S. 1, 7 (1980). "Absent a seriously important reason, both the spirit of Rule 1 and the interests of judicial administration counsel against certifying claims or related issues in remaining claims that are based on interlocking facts, in a routine case, that will likely lead to successive appeals." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 883 (9th Cir. 2005) (reversing a district court's Rule 54(b) certification in a routine, two-party, multiple claim employment discrimination case). The *Wood* Court stated:

> This is not a complicated case. It is a routine employment discrimination action. In such cases it is typical for several claims to be made, based on both state and federal law, and for several theories of adverse treatment to be pursued. It is also common for motions to be made for summary judgment, and to be granted in part and denied in part as district judges trim and prune a case to focus on what really is at issue for trial. At least in our experience, requesting—or granting a request for—certification in ordinary situations such as this is not routine. We believe it should not become so. As put by the Supreme Court, "[p]lainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely."

*Id.* at 879 (citation omitted).

On March 4, 2013, the Court dismissed with prejudice all but two of Plaintiff's claims. (Order, ECF No. 32). With respect to each of the dismissed claims, this constituted "final judgment" for purposes of Rule 54. *See Hell's Canyon Preservation Council v. U.S. Forest Serv.*,

403 F.3d 683, 686 (9th Cir. 2005). However, here, as in *Wood*, the need to conserve of judicial resources in a "routine case," justifies a delay. Indeed, if the factual bases of Plaintiff's remaining claims differed from those on which interlocutory appeal is sought, there might be no just reason to delay her appeal. *See, e.g.*, *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009). However, in this case, both the dismissed claims and the remaining claims arise from the same factual basis. Therefore, the Court will not certify an interlocutory appeal under Rule 54(b).

**B.  Plaintiff's Motion for Summary Judgment (ECF No. 71)**

Plaintiff's motion for summary judgment is denied as premature. With regard to summary judgment, Federal Rule of Civil Procedure 56 provides that, prior to the entry of summary judgment, the opposing party must have a sufficient opportunity to discover information essential to its position. Fed. R. Civ. P. 56(d). In other words, the case must be sufficiently advanced in terms of pretrial discovery for the summary judgment target to know what evidence can likely be mustered and have a reasonable opportunity to present such evidence. *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981) (citing *Program Engineering, Inc. v. Triangle Publications, Inc*., 634 F.2d 1188, 1193 (9th Cir. 1980); *Lucas v. Bechtel Corp*., 633 F.2d 757, 759 (9th Cir. 1980); *British Airways Board v. Boeing Co*., 585 F.2d 946 (9th Cir. 1978)) ("Before summary judgment may be entered against a party, that party must be afforded both notice that the motion is pending and an adequate opportunity to respond. Implicit in the opportunity to respond is the requirement that sufficient time be afforded for discovery necessary to develop facts essential to justify a party's opposition to the motion.").

In the present case, Plaintiff's motion for summary judgment was the filed on August 23, 2013, more than two months before the discovery deadline, (*See* Scheduling Order, ECF No. 67,

at 2). Defendants claim that Plaintiff has, to this point, successfully resisted multiple attempts to take her deposition, and that Plaintiff has stated that she is "too busy" to attend her own deposition until the last two weeks of October 2013. (Opp'n to Mot. Summ. J., ECF No. 78, at 4). Defendants further claim a belief that they will gain "a great deal of information necessary to oppose [Plaintiff's motion for summary judgment] . . . in the course of taking Plaintiff's deposition." (*Id.*). Therefore, because Defendants have not had an opportunity to conduct the necessary discovery, the Court denies Plaintiff's motion for summary judgment as premature.

Furthermore, even if the motion were not premature, Defendants have adduced evidence sufficient to create numerous issues of material fact that would preclude grant of summary judgment. (*See, e.g.*, Aff. of Robert Shigeta, ECF No. 78-2 (contradicting, several of Plaintiff's allegations, including, for example, the allegation that Deputy Lightner "intensely squeezed Ms. Sokol's right triceps" while escorting her out of the courtroom)).[3] Similarly, Defendants have a colorable argument that they are entitled to qualified immunity and/or absolute quasi-judicial immunity, which the Court invites them to raise in a motion for summary judgment. Therefore, viewing the evidence in the light most favorable to the non-moving party, as it must, *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996), the Court must deny Plaintiff's motion. Consequently, Plaintiff's motion to strike (ECF No. 84) the affidavit of Charles Lightner, which was submitted in connection with Defendants' opposition to the motion for summary judgment, is denied as moot.

**C.  Plaintiff's Motion for Default Judgment (ECF No. 72)**

Plaintiff's motion to hold a hearing and to have default judgment entered against Defendants is based on an alleged failure to answer the proposed Amended Complaint. (Mot. for

---

[3] Defendants have also filed a video of the altercation, which, at a minimum, creates triable issue of fact on the excessive force claim. (Video, ECF No. 23 (manually filed for attachment to Mot. to Dismiss., ECF No. 22, as "Exhibit A")).

Default, ECF No. 72 (citing Am. Compl., ECF No. 68)). While Defendants did not file an answer to the proposed Amended Complaint, they timely filed a motion to strike the same. (Mot. to Strike, ECF No. 70). Moreover, and as discussed below, the proposed Amended Complaint was unauthorized, and is therefore stricken. Accordingly, Plaintiff's motion for default is denied, and a hearing on the matter is unnecessary.

### D.  Plaintiff's Motion for Leave to Amend (ECF No. 83)

Plaintiff's motion for leave to file the proposed Amended Complaint, (ECF No. 83), is denied. Plaintiff contends that the Court permitted her to file an Amended Complaint, without leave, by setting July 31, 2013 as the deadline for "Amending pleadings/Adding parties" in its July 1, 2013 Scheduling Order (Mot. for Leave, ECF No. 83, at 2 (citing Scheduling Order, ECF No. 67, at 2). Magistrate Judge Cobb's Scheduling Order, however, does not authorize an amended pleading, but rather sets the deadline for filing such pleadings should this Court authorize them. In other words, the deadline for amending in the Scheduling Order is implicated only if this Court has granted leave to amend, which it declines to do in this case.

As an initial matter, the motion for leave is untimely. As Plaintiff notes, the Scheduling Order set a July 31, 2013 deadline for amending pleadings. Although Plaintiff filed her proposed Amended Complaint on July 30, 2013, she did not move for leave to file it until September 18, 2013, (*Id.*). Therefore, the motion for leave is subject to Rule 16(b), which requires that the motion be denied unless Plaintiff can show "good cause for not [moving to] amend[] [her] complaint before the time specified in the scheduling order expired." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

However, even assuming that the pro se Plaintiff's misunderstanding of the Scheduling Order constitutes "good cause" for her delay, she must still demonstrate that the proposed

amendment is proper under Rule 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). She cannot do so here.

While Rule 15 provides that leave to amend should be freely given when justice so requires, Fed. R. Civ. P. 15(a)(2), this is not a situation in which "justice so requires." Indeed, the proposed Amended Complaint simply attempts to undo much, if not all, of this Court's Order on Defendants' motions to dismiss. Specifically, it purports to reinstate Mr. Sunde as a plaintiff, and it purports to reassert many of the previously dismissed claims. (*Compare, e.g.*, Order, ECF No. 32, at 5 (dismissing the First Amendment claim), *and id.* at 7 (stating that Viktoriya Sokol Sunde is the only remaining plaintiff in this case) *with*, Am. Compl., ECF No. 68, at 17 (purporting to reassert an identical First Amendment claim), *and id.* at 7 (purporting to reinstate J. Michael Sunde as a plaintiff). Furthermore, despite Plaintiff's requests for leave to amend in her oppositions to the motions to dismiss, (Opp'n to Mot. to Dismiss, ECF No. 17, at 19; Opp'n to Mot. to Dismiss ECF No. 27, at 28), the Court did not grant such leave in its Order, and it has already denied Plaintiff's motion to reconsider. (Order, ECF No. 44). Thus, the matter has already been definitively resolved: The Court will not grant leave to amend or otherwise allow Plaintiff to reinstate previously dismissed claims or parties. Accordingly, the proposed Amended Complaint (ECF No. 68) remains unauthorized and inoperative.

**E.  Defendants' Motion to Strike the Proposed Amended Complaint (ECF No. 70)**

Under Federal Rule of Civil Procedure 12(f) a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Because the proposed Amended Complaint is unauthorized, it is inoperative, and therefore impertinent. Accordingly, the Court grants Defendants' motion to strike. The proposed Amended Complaint (ECF No. 68) is stricken, and consequently, the following motions are rendered moot: (1)

Plaintiff's motion to extend time to file a motion to quash Defendants' motion to strike the amended complaint (ECF No. 73); (2) Plaintiff's motion to quash Defendants' motion to strike the amended complaint (ECF No. 74); (3) Plaintiff's motion to strike Defendants' response to Plaintiff's motion to quash the motion to strike the amended complaint (ECF No. 82). Accordingly, each of these motions is denied as moot.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Strike the proposed Amended Complaint (ECF No. 70) is GRANTED.

IT IS FURTHER ORDERED that the proposed Amended Complaint (ECF No. 68) is STRICKEN.

IT IS FURTHER ORDERED that the Motion for Rule 54(b) Certification (ECF No. 45) is DENIED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 71) is DENIED.

IT IS FURTHER ORDERED that the Motion for Default Judgment (ECF No. 72) is DENIED.

IT IS FURTHER ORDERED that the Motion to File an Amended Complaint (ECF No. 83) is DENIED.

IT IS FURTHER ORDERED that the Motion to Strike the Affidavit of Charles Lightner (ECF No. 84) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Extend Time (ECF No. 73) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Quash the Motion to Strike the proposed Amended Complaint (ECF No. 74) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Strike the Response to the Motion to Quash (ECF No. 82) is DENIED as moot.

IT IS SO ORDERED.

Dated:  November 7, 2013

_____
ROBERT C. JONES
United States District Judge